UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 05-23125-CIV-HUCK/SIMONTON

ISTVAN KOVACS,

    Plaintiff,
vs.

HANA KOOT, and NATIONAL
HEBREW GLATT, INC..,

    Defendants.
_____/

**ORDER AFTER HEARING ON PLAINTIFF'S MOTION TO COMPEL
ATTENDANCE AT DEPOSITION AND TO COMPLY WITH DISCOVERY AND
MOTION FOR SANCTIONS AGAINST DEFENDANTS AND ITS COUNSEL**

Presently pending before the Court is Plaintiff's Motion To Compel Attendance At Deposition and To Comply With Discovery & Motion For Sanctions Against Defendants and Its Counsel (DE # 135). This motion is referred to the undersigned Magistrate Judge (DE # 109). This motion has been fully briefed (DE ## 136, 138, 139, 140). On February 15, 2007, the undersigned held an evidentiary hearing on the motion, at which time attorneys J. H. Zidell, Esq. and Peter Russin testified. This Order sets forth, briefly, the background of this case, the positions of the parties in their respective memoranda, and an analysis which includes the testimony at the hearing. For the reasons stated below, the motion is granted in part, denied in part, and stayed in part.

    I. **Background**

On May 17, 2006, the Court entered a final judgment in favor of Plaintiff and jointly and severally against both Defendants, Hana Koot and National Hebrew Glatt, Inc., (hereafter NHG), in the amount of $64,685.60, with interest (DE # 99).

On September 7, 2006, attorney Peter Russin served on the chambers of the undersigned Magistrate Judge an emergency motion to continue the depositions of non-

party Moshe Koot and Defendant Hana Koot, set for September 8, 2006, and also for a protective order (DE # 134).[1]  On the same day, the undersigned denied the motion (DE # 128).

Also on September 7, 2006, attorney Peter Russin electronically filed a motion to extend, until September 21, 2006, the time for Defendant Hana Koot to respond to Plaintiff's request for production (DE # 129).  In this motion, unlike the preceding motion, Russin included a footnote which stated that counsel had been informed that Defendant Hana Koot "will be filing a bankruptcy petition on September 8, 2006" (DE # 129 at 2 n.1).  On September 15, 2006, the undersigned granted the motion (DE # 133).

On September 8, 2006, attorney J.H. Zidell filed a motion to withdraw from representing Defendants and non-party witnesses Akiva Shapiro and Moshe Koot, and also to reset the depositions of Shapiro, Moshe Koot and Defendants, all set for September 8, 2006.  In this motion, attorney Zidell stated that Defendants had requested that he cease representing them (DE # 130).  On September 15, 2006, the undersigned allowed attorney Zidell to withdraw from the case, but denied his request to reset the September 8, 2006 depositions (DE # 132).

The instant motion was filed on September 28, 2006.  Thereafter, on October 4, 2006, Defendant Hana Koot filed a Suggestion of Bankruptcy in which she stated that she had filed a Voluntary Petition for Bankruptcy on September 19, 2006 (DE # 137).

II.  **The Motion**

A.  **Plaintiff's Position**

Plaintiff, relying on Fed.R.Civ.P. 37(d)(2) and on the inherent authority of the Court, moves for sanctions against prior counsel for Defendants and against each

---

[1] **Attorney Russin did not file this motion with the Court until September 26, 2006.**

Defendant individually. Plaintiff contends that Defendants and their attorneys 1) refused to appear for deposition/refused to produce clients for deposition; 2) ignored Court orders; and 3) refused to answer written discovery. Plaintiff contends that this wasted the time and money of himself and his counsel. Plaintiff asks that Defendants be compelled to attend their depositions forthwith, to comply with their discovery obligations. Plaintiff also requests an award of attorney fees against Defendants and their counsel for violating Rule 37(b & d).

In support of his motion, Plaintiff contends that while Defendant Koot and Defendant NHG were both set for deposition on September 8, 2006, neither defendant appeared for deposition, and Defendant Koot's attorney, Peter Russin, did not notify Plaintiff's counsel that Defendant Koot would not be appearing for her deposition. Plaintiff also contends that neither Defendant Koot nor Defendant NHG have ever responded to Plaintiff's requests to produce documents in aid of execution (DE # 138).

Plaintiff further asserts that the course of conduct of Hana Koot, attorney Zidell and attorney Russin indicates that Hana Koot and her attorneys never intended to produce responses to Plaintiff's request for production (DE ## 138, 140).

Plaintiff contends that Ms. Koot may be deposed regardless of the bankruptcy stay to ascertain if facts exist to implead third parties, such as Moshe Koot, Akiva Shapiro and K&S Foods, LLC. Plaintiff contends that his discovery was not solely geared to enforce the judgment against Ms. Koot or her estate, and therefore the requested discovery was proper. Plaintiff thus contends that regardless of the filing of the bankruptcy petition, Ms. Koot had no basis for failing to attend her deposition or responding to Plaintiff's request to produce (DE # 140).

### B. Attorney Zidell's Position

**Attorney Zidell responds that he advised both Defendants of the request to produce in aid of execution on multiple occasions from the receipt of the request on August 3, 2006 through his discharge by Defendants on September 6, 2006. Attorney Zidell states that he believes that the confusion may have resulted from the intention of attorney Blacher, Ms. Koot's bankruptcy attorney, to file her bankruptcy petition before the September 8, 2006 depositions. Finally, Attorney Zidell submits that an award of sanctions is not warranted (DE # 136).**

### C. Defendant Hana Koot and Attorney Russin's Position

**In response to Plaintiff's motion, Defendant Hana Koot initially requests the Court to sanction Plaintiff and his counsel for deliberate violation of the federal bankruptcy stay, 11 U.S.C. §362(a).**

**Ms. Koot states that on September 6, 2006, she and Moshe Koot terminated their relationship with attorney Zidell. On September 7, 2006, the Koots retained the law firm of Meland, Russin & Budwick, P.A.[2]**

**Ms. Koot asserts that she did not appear for her September 8, 2006 deposition because attorney Russin was informed by Ms. Koot's bankruptcy counsel that Ms. Koot's bankruptcy petition was to be filed on September 8, 2006, and, thus, Ms. Koot and attorney Russin believed in good faith that Ms. Koot did not have to appear for deposition.[3] Ms. Koot and attorney Russin state that they did not know on September 8,**

---

[2] **Attorney Russin is a shareholder of the law firm.**

[3] **Attorney Russin asserts that Hana Koot signed and dated the bankruptcy petition on September 6, 2006 (DE # 139 at 15, ¶25).**

4

2006 that Hana Koot's Chapter 7 bankruptcy petition had not been filed.[4]

Attorney Russin represents that he was under no obligation to inform Plaintiff's counsel that Ms. Koot would not be appearing for her September 8, 2006 deposition, in that he believed he had already placed Plaintiff's counsel on notice that Ms. Koot would be filing for bankruptcy on September 8, 2006.  Attorney Russin contends that Ms. Koot's bankruptcy counsel was responsible for notifying Plaintiff's counsel when Ms. Koot filed for bankruptcy.

Ms. Koot states that due to the September 19, 2006 filing of the bankruptcy petition, she was not required to file the response to Plaintiff's requests to produce, which were due on September 21, 2006.  Attorney Russin also asserts that he was not under any obligation to inform Plaintiff's counsel that, due to the filing of the bankruptcy petition, Ms. Koot would not be serving responses to Plaintiff's request to produce.  In any event, attorney Russin states that he filed his motion for extension of time to respond to the requests for production on the day he was retained, and that Plaintiff's counsel was aware that the motion was coming because attorney Russin had called Plaintiff's counsel to ascertain his position on the motion.  Attorney Russin further states that Ms. Koot informed him that she had never received a copy of Plaintiff's request for production, and that, in good faith, he reiterated that assertion to this Court in a motion for extension of time to respond.  Indeed, attorney Russin states that Ms. Koot reasserts that she did not receive a copy of the request for production for attorney Zidell (DE # 139 at 9, fn 4.).

Attorney Russin also states that he never represented Defendant NHG (DE # 139

---

[4] Hana Koot's bankruptcy counsel did not file the suggestion of bankruptcy until October 4, 2006 (DE # 137).

at 11).

Finally, attorney Russin states that Plaintiff has not been prejudiced by Ms. Koot's actions because all of the financial information which Plaintiff seeks regarding Ms. Koot is available to Plaintiff through the bankruptcy proceeding (DE # 139).

### III. Analysis

Fed.R.Civ.P. 37(d) provides that if a party fails to appear for deposition or fails to respond to a request for production, the Court shall require either the party failing to act or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

#### A. The Motion Is Granted As To Defendant NHG

Defendant NHG did not provide a corporate representative for the deposition set for September 8, 2006.  Defendant NHG has also not responded to Plaintiff's requests for production in aid of execution.  Defendant NHG is not presently represented by counsel since it did not obtain new counsel following the withdrawal of Mr. Zidell.  Defendant NHG has not provided an explanation for these failures, has not responded to the instant motion, and did not appear at the hearing on the sanctions motion.  Therefore, the motion for sanctions and to compel is granted as to Defendant NHG.

Therefore, on or before March 9, 2007, Defendant NHG must respond to Plaintiff's requests for production in aid of execution.  Furthermore, on or before March 16, 2007, Defendant NHG must provide a corporate representative for deposition at a time and place set by Plaintiff's counsel.

Pursuant to Fed.R.Civ.P. 37(d), Defendant NHG is sanctioned for failing to appear for deposition on September 8, 2006.  At the hearing, Plaintiff's counsel requested a

sanction of 9 or 10 hours of his time, representing the time he spent preparing for Defendant NHG's deposition, the 2 hours spent waiting for Defendant NHG's corporate representative to appear, and the time involved in filing the instant motion. The undersigned finds that as the deposition of Defendant NHG was set in the office of Plaintiff's counsel, and because Plaintiff had four related depositions set in this case for that day, two of which went forward that afternoon (the depositions of Moshe Koot and Akiva Shapiro), Plaintiff is only entitled to one hour of his counsel's time as a sanction. Therefore, Defendant NHG shall pay Plaintiff a total sanction of $360.00, consisting of one hour of Plaintiff's counsel's time at $275.00 per hour and $85.00, for the court reporter's time (DE # 151).

      B.  <u>The Motion Is Stayed As To Defendant Hana Koot</u>

Defendant Hana Koot has filed for bankruptcy. Pursuant to the automatic bankruptcy stay, 11 U.S.C. §362(a), and by a separate order, this Court has stayed the instant motion as to Defendant Hana Koot (DE # 152). If it is appropriate to do so, Plaintiff may file a renewed motion if the bankruptcy stay is lifted, or at the conclusion of the bankruptcy proceedings. Thus, the Court will not take any action with respect to this part of the motion, or Hana Koot's response.

The undersigned notes, however, that Plaintiff may subpoena Hana Koot as a witness in aid of execution of the judgment against Defendant NHG. *See In re Miller*, 262 B.R. 499, 503-06 (9th Cir. BAP 2001) (automatic bankruptcy stay is not violated when debtor is subpoenaed as a witness in aid of execution of judgment against debtor's co-defendant). The undersigned further notes that Plaintiff, as a creditor, should be able to obtain in the bankruptcy proceeding the desired discovery from Hana Koot.

C.  **The Motion For Sanctions Is Denied As To Attorney Zidell**

The motion for sanctions is denied as to attorney Zidell.  On September 6, 2006, Defendants terminated their relationship with attorney Zidell, and on September 8, 2006, attorney Zidell filed a motion to withdraw as Defendants' counsel, which was subsequently granted.  Attorney Zidell testified at the hearing that as of September 6, 2006, Defendants told him that he was not to take any further action on their behalf.  Therefore, the undersigned finds that there is no evidence that attorney Zidell is responsible for 1) Defendant Hana Koot's failure to appear for deposition on September 8, 2006; 2) Defendant NHG's failure to provide a corporate representative for deposition on September 8, 2006 or 3) Defendant NHG's failure to respond to Plaintiff's request for production.

D.  **The Motion For Sanctions Is Denied As To Attorney Russin**

The motion for sanctions is denied as to attorney Russin.  This is a close issue.  The undersigned accepts attorney Russin's testimony at the hearing that on September 8, 2006, his assistant was informed by the secretary to Defendant Koot's bankruptcy counsel that Defendant Koot's bankruptcy petition had been filed; and that he confirmed this with Hana Koot's husband, Moshe Koot, when he was prepared Moshe Koot for his deposition.  Thus, the undersigned finds that attorney Russin should not be sanctioned for the failure of Defendant Koot to appear at her September 8, 2006 deposition.   While it would have been the better practice, and, indeed, common courtesy for attorney Russin to call Plaintiff's counsel and inform Plaintiff's counsel that Defendant Hana Koot would not appear for her September 8, 2006 deposition, this failure by attorney Russin does not rise to the level of sanctionable conduct.

Therefore, after a careful review of the record, and based upon the arguments of

counsel, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Motion To Compel Attendance At Deposition and To Comply With Discovery & Motion For Sanctions Against Defendants and Its Counsel (DE # 135), is **GRANTED in part and DENIED in part**, as follows:

1. The motion is **GRANTED** as to Defendant NHG.  On or before March 9, 2007, Defendant NHG must respond to Plaintiff's requests for production in aid of execution. On or before March 16, 2007, Defendant NHG must provide a corporate representative for deposition at a time set by Plaintiff's counsel.  Defendant NHG shall pay Plaintiff a total sanction of $360.00, representing one hour of Plaintiff's counsel's time at $275.00 an hour and $85.00 for the court reporter's time.

2. The motion is **STAYED** and terminated as to Defendant Hana Koot.  If appropriate to do so,  Plaintiff may file a renewed motion for sanctions as to Defendant Hana Koot if the bankruptcy stay is lifted, or at the conclusion of the bankruptcy proceedings.

3. The motion for sanctions is **DENIED** as to attorney Zidell.

4. The motion for sanctions is **DENIED** as to attorney Russin.

**DONE AND ORDERED** in chambers in Miami, Florida, on February 22, 2007.

_____
**ANDREA M. SIMONTON**
**UNITED STATES MAGISTRATE JUDGE**

Copies furnished to:
The Honorable Paul C. Huck,
   United States District Judge
All counsel and parties of record