UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 05-23125-CIV-HUCK/SIMONTON

ISTVAN KOVACS,

    Plaintiff,

vs.

HANA KOOT, and NATIONAL
HEBREW GLATT, INC.,

    Defendants.
_____/

**ORDER GRANTING, IN PART, BY DEFAULT, PLAINTIFF'S
SECOND MOTION FOR SANCTIONS AND TO COMPEL
ATTENDANCE AT DEPOSITION AND TO COMPLY WITH DISCOVERY**

Presently pending before the Court is Plaintiff's Second Motion For Sanctions and To Compel Attendance At Deposition and To Comply With Discovery (DE # 156). This motion is referred to the undersigned Magistrate Judge (DE # 109). Defendant National Hebrew Glatt, Inc. (hereafter NHG), has not responded in opposition, and the last day to timely serve a response was April 16, 2007. For the reasons stated below, Plaintiff's motion is granted in part, by default, as to Defendant NHG, and is denied as to Hana Koot and Abraham Koot.

    I. Background

On February 22, 2007, the undersigned granted, in part, Plaintiff's motion to compel NHG to participate in discovery in aid of execution. Specifically, NHG was ordered to 1) respond to Plaintiff's requests for production of documents in aid of execution on or before March 9, 2007; 2) provide a corporate representative for deposition on or before March 16, 2007; and 3) pay a sanction of $360.00 (DE # 154).

    II. The Instant Motion

In his motion, Plaintiff asserts that NHG has not complied with this Court's

February 22, 2007 Order, in that NHG has not 1) produced documents; 2) provided a corporate representative for deposition; and 3) paid the Court-ordered sanction. Plaintiff asks that NHG, Hana Koot and Abraham Koot be compelled to produce documents and appear for deposition forthwith. Plaintiff also asks that an order to show cause be entered against Hana Koot and Abraham Koot. Finally, Plaintiff requests an award of attorney's fees against NHG for violating Fed.R.Civ.P. 37(b) (DE # 156).

### III. Analysis

#### A. The Motion Is Granted By Default As To Defendant NHG

Defendant NHG has not complied with the Court's order that it responded to Plaintiff's requests for production in aid of execution by March 9, 2007. Defendant NHG has not complied with the Court's order to provide a corporate representative for the deposition by March 16, 2007. Defendant NHG is not presently represented by counsel. Defendant NHG has not provided an explanation for these failures, and has not responded to the instant motion, and did not appear at the hearing on the sanctions motion. Therefore, the motion for sanctions and to compel is granted, by default, as to Defendant NHG.

Therefore, on or before June 22, 2007, Defendant NHG must respond to Plaintiff's requests for production in aid of execution. Furthermore, on or before June 29, 2007, Defendant NHG must provide a corporate representative for deposition at a time and place set by Plaintiff's counsel.

Moreover, pursuant to Fed.R.Civ.P. 37(a)(4)(A), Defendant NHG is sanctioned for Plaintiff's reasonable costs in making this motion. The undersigned finds that a reasonable amount of time for Plaintiff's counsel to have spent preparing the instant motion was 1 hour. The undersigned has previously found that a reasonable hourly rate

for Plaintiff's counsel is $275.00.  Therefore, on or before June 29, 2007, Defendant NHG shall pay Plaintiff a total sanction of $275.00, consisting of one hour of Plaintiff's counsel's time at $275.00 per hour.  Moreover, also on or before June 29, 2007, Defendant NHG shall pay Plaintiff the sanction of $360.00 awarded on February 22, 2007.

If NHG fails to comply with this Order, Plaintiff may file a motion for an order to show cause why NHG should not be held in contempt, and its officers arrested and held in custody until NHG complies with the Court-ordered discovery.

### B.  The Motion Is Denied As To Defendant Hana Koot and Abraham Koot

The portion of Plaintiff's motion which seeks to compel Abraham Koot and Defendant Hana Koot to produce documents and to appear for deposition and which also asks this Court to enter an order to show cause against Abraham Koot and Hana Koot, is denied.

Plaintiff has not provided any authority which allows this Court to compel Defendant NHG to produce either Abraham Koot and/or Hana Koot as a corporate representative for deposition, in the absence of serving such a Notice of Deposition which specifically identifies them as the corporate representative to be deposed.

The undersigned has previously noted that Plaintiff could subpoena Hana Koot as a witness in aid of execution of the judgment against Defendant NHG, but that Plaintiff, as a creditor of Hana Koot, should be able to obtain the desired discovery from her in her bankruptcy proceeding.  Presumably, that deposition has occurred since the date of the last hearing on this matter.  Similarly, Plaintiff may also subpoena Abraham Koot as a witness in aid of execution of the judgment against Defendant NHG, and obtain discovery from him in that manner.

In addition, if Plaintiff seeks to take the deposition of a particular officer of NHG,

rather than permitting NHG to designate a corporate representative pursuant to Rule 30(b)(6), Plaintiff may serve a notice of deposition which specifies that officer as the corporate representative to be deposed.

Therefore, after a careful review of the record, and pursuant to Local Rule 7.1 C., it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Second Motion For Sanctions and To Compel Attendance At Deposition and To Comply With Discovery (DE # 156), is **GRANTED in part, by default**.  On or before June 22, 2007, Defendant NHG must respond to Plaintiff's requests for production in aid of execution.  On or before June 29, 2007, Defendant NHG must provide a corporate representative for deposition at a time set by Plaintiff's counsel.  On or before June 29, 2007, Defendant NHG shall pay Plaintiff $635.00, representing a sanction of $275.00, as well as the previously ordered sanction of $360.00.  Plaintiff's request for relief as to Hana Koot and Abraham Koot is **DENIED**.

If NHG fails to comply with this Order, Plaintiff may file a motion for an order to show cause why NHG should not be held in contempt, and its officers arrested and held in custody until NHG complies with the Court-ordered discovery.

**DONE AND ORDERED** in chambers in Miami, Florida, on May 31, 2007.

_____
**ANDREA M. SIMONTON**
**UNITED STATES MAGISTRATE JUDGE**

Copies furnished to:
The Honorable Paul C. Huck,
   United States District Judge
All counsel and parties of record