UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 05-23125-CIV-HUCK/O'SULLIVAN

ISTVAN KOVACS,

        Plaintiff,

v.

NATIONAL HEBREW GLATT, INC., et al.,

        Defendants.

_____/

## ORDER

**THIS MATTER** came before the Court on Plaintiff's Motion for Leave to Commence Proceeding Supplementary & Motion to Implead Third Parties to Said Proceeding (DE# 160, 4/3/07), Plaintiff's Supplement to his Motion for Leave to Commence Proceeding Supplementary & Motion to Implead Third Parties to Said Proceedings (DE# 170, 4/1/08) and Third-Party Shapiro's Motion to Quash Court's Ore Tenus Show Cause Order & Repurpose the Evidentiary Hearing Set for 11/2/08 (DE# 239, 8/5/08). Having reviewed the applicable filings and law, it is

**ORDERED AND ADJUDGED** that Third-Party Shapiro's Motion to Quash Court's Ore Tenus Show Cause Order & Repurpose the Evidentiary Hearing Set for 11/2/08 (DE# 239, 8/5/08) is **GRANTED in part and DENIED in part**. The Court hereby vacates its <u>ore</u> <u>tenus</u> order to show cause. A written order to show cause is issued herein. Third-party Akiva Shapiro's request to repurpose to evidentiary hearing is denied for the reasons set forth below. It is further

**ORDERED AND ADJUDGED** that Plaintiff's Motion for Leave to Commence Proceeding Supplementary & Motion to Implead Third Parties to Said Proceeding (DE# 160, 4/3/07) and Plaintiff's Supplement to his Motion for Leave to Commence Proceeding Supplementary & Motion to Implead Third Parties to Said Proceedings (DE# 170, 4/1/08) are **GRANTED in part and DENIED in part**. Third parties K&S Foods, LLC, Akiva Shapiro, Moshe Koot, Avraham Koot and The New Kosher World Bakery, LLC are hereby **IMPLED** for the purpose of supplementary post-judgment proceedings in aid of execution. The plaintiff shall serve a copy of this Order upon the impleaded third party defendants. The plaintiff's request for attorney's fees is denied without prejudice to renew if appropriate at a later date. It is further

**ORDERED AND ADJUDGED** that on or before **Wednesday, September 3, 2008**, the third parties shall show cause why the assets now in their possession or control, allegedly transferred to them by the defendants, should not be declared fraudulently acquired, the transfers voided, and those assets levied upon to satisfy the plaintiff's judgment. It is further

**ORDERED AND ADJUDGED** that all previously set deadlines and hearing dates shall remain the same.

## BACKGROUND

On May 17, 2006, the plaintiff obtained a final judgment in the amount of $64,685.60 against the defendants, National Hebrew Glatt, Inc. and Hana Koot. See Final Judgment (DE# 99, 5/18/08). On July 3, 2007, the Court awarded the plaintiff $99,939.30 in attorney's fees and costs. See Order Adopting Report and

Recommendation (DE# 169, 7/5/07). To date, the judgment and attorney's fees and costs remain unsatisfied. The plaintiff has sought to commence a proceedings supplementary against third parties: K&S Foods, LLC, Akiva Shapiro, Moshe Koot, Avraham Koot and The New Kosher World Bakery, LLC[1] to satisfy the outstanding judgment against the defendants. See Plaintiff's Motion for Leave to Commence Proceeding Supplementary & Motion to Implead Third Parties to Said Proceeding (DE# 160, 4/3/07); Plaintiff's Supplement to his Motion for Leave to Commence Proceeding Supplementary & Motion to Implead Third Parties to Said Proceedings (DE# 170, 4/1/08).

On May 8, 2008, the Court held a status conference wherein it set Plaintiff's Motion for Leave to Commence Proceeding Supplementary & Motion to Implead Third Parties to Said Proceeding (DE# 160, 4/3/07) and Plaintiff's Supplement to his Motion for Leave to Commence Proceeding Supplementary & Motion to Implead Third Parties to Said Proceedings (DE# 170, 4/1/08) for an evidentiary hearing and permitted the parties to conduct discovery in preparation for the evidentiary hearing. See Order (DE# 182, 5/8/08).

On August 1, 2008, the Court held a second status conference. During the status conference, the Court changed the evidentiary hearing date to November 2, 2008 and reiterated to the parties that the purpose of the evidentiary hearing is to determine whether the third parties are liable or responsible for the debt that is owed to the

---

[1] On August 1, 2008, the Court granted Plaintiff's Motion for Leave to Amend to Include the Name "The New Kosher World Bakery, LLC" to the list of Impleaded Third Parties to the Proceeding (DE # 197, 6/20/08). See Order (DE# 237, 8/1/08).

plaintiff. The Court issued an <u>ore</u> <u>tenus</u> show cause order requiring the third parties to show why they should not be liable to the plaintiff.

## **ANALYSIS**

**A.     Motion to Quash <u>Ore</u> <u>Tenus</u> Show Cause Order and Repurpose the Evidentiary Hearing**

On August 5, 2008, third party Akiva Shapiro (hereinafter "Mr. Shapiro") filed the instant motion, Third-Party Shapiro's Motion to Quash Court's Ore Tenus Show Cause Order & Repurpose the Evidentiary Hearing Set for 11/2/08 (DE# 239). The plaintiff filed his response on August 6, 2008. See Plaintiff's Response to Third-Party Shapiro's Motion to Quash Court's Ore Tenus Show Cause Order & Repurpose the Evidentiary Hearing Set for 11/2/08 (DE# 244, 8/6/08). Mr. Shapiro's reply was filed on August 13, 2008. See Third-Party Shapiro's Reply to Plaintiff's Response to Third-Party Shapiro's Motion to Quash Court's Ore Tenus Show Cause Order & Repurpose the Evidentiary Hearing Set for 11/12/08 (DE# 251, 8/13/08).

Mr. Shapiro seeks to quash the Court's <u>ore</u> <u>tenus</u> show cause order issued during the August 1, 2008 hearing and to repurpose the evidentiary hearing set for November 12, 2008 to require the plaintiff to establish his <u>prima</u> <u>facie</u> case that the third party defendants hold assets subject to his claim. See Third-Party Shapiro's Motion to Quash Court's Ore Tenus Show Cause Order & Repurpose the Evidentiary Hearing Set for 11/2/08 (DE# 239 at 1, 8/5/08).

At the outset, Mr. Shapiro claims he was not aware of the nature of the evidentiary hearing until the August 1, 2008 hearing. According to Mr. Shapiro:

> the Court indicated <u>ore</u> <u>tenus</u> at the 8/1/08 hearing that the purpose of the

> evidentiary hearing ordered at the 5/8/08 hearing was to determine liability of the third parties. It is a fact that neither the Plaintiff's counsel nor third-party defendants were aware that this was the Court's decision at the 5/8/08 hearing.

Id. at 2. The record expressly contradicts Mr. Shapiro's statement. During the May 8, 2008 status conference, Mr. Shapiro was present and represented by counsel. The plaintiff's counsel advised the Court as follows:

> [Plaintiff's counsel]: You Honor does not have to address any of that stuff because that's not the procedural requirement for you to go ahead and grant the request, which is simply to implead them.
>
> **Your determination does not address or establish liability at all. We will do that later on in an evidentiary hearing,** but procedurally speaking, and I don't want to go out and reiterate everything that is in the motion.
>
>             *   *   *
>
> The Court: And what would you determine at the evidentiary hearing?
>
> [Plaintiff's counsel]: **At the evidentiary hearing, Your Honor will have to go ahead and address, there are several ways of establishing their liability**; one of them being under Chapter 56. Another one is under 726. Another one is under the common law.

See Transcript of May 8, 2008 Hearing (DE# 201 at 8 - 9, 6/26/08) (emphasis added). At no time did Mr. Shapiro or his counsel object or disagree with the plaintiff's counsel's characterization of the upcoming evidentiary hearing. Thus, Mr. Shapiro and his then counsel were fully aware at the May 8, 2008 hearing that the purpose of the evidentiary hearing was to determine the liability of the third parties.

      Mr. Shapiro argues that the ore tenus show cause order should be quashed because it was issued prematurely. See Plaintiff's Response to Third-Party Shapiro's Motion to Quash Court's Ore Tenus Show Cause Order & Repurpose the Evidentiary

Hearing Set for 11/2/08 (DE# 244 at 2, 8/6/08). Relying on <u>Robert B. Ehmann, Inc. v. Bergh,</u> 363 So. 2d 613 (Fla. 1st DCA 1978) and <u>Wieczoreck v. H&H Builders, Inc.</u>, 450 So. 2d 867 (Fla. 5th DCA 1984), Mr. Shapiro advocates that the Court adopt the following procedure:

> B. Repurpose the November 12, 2008 evidentiary hearing . . . for the [p]laintiff to establish his <u>prima facie</u> case, by testimony, under oath that the proposed third party defendants hold assets subject to his claim, and
>
> C. If at that time, the Court **finds** from this examination that the judgment creditor has established a claim to the property in the hands of any third party, only then should the Court issue an order to show cause setting forth the findings of specific assets or transactions to which the third parties in this case can respond in writing prior to further hearings, and
>
> D. The third parties are given an opportunity to respond in writing to the Show Cause order, if any, and
>
> E. After response, if such answers are unacceptable, at that time, the third parties are then examined [presumably through a second evidentiary hearing]. . . .

<u>Id.</u> at 4 (emphasis in original).

The procedure outlined by Mr. Shapiro is contained in <u>Robert B. Ehmann, Inc. v. Bergh,</u> 363 So. 2d 613 (Fla. 1st DCA 1978). There, the court held that:

> [t]he trial court should conduct an examination of the judgment creditor or appoint a master to do this for it. Section 56.29(2), Florida Statutes. If the examination of the judgment creditor establishes the judgment creditor's claim to property in the hands of third parties, the trial court should issue an order to show cause setting forth the findings of specific assets or transactions to which the third parties can respond in writing prior to further hearings.

<u>Id.</u> at 614 (citation omitted). The court in <u>Ehmann</u> further stated that at least with respect to third parties, "judgment creditors should establish a <u>prima facie</u> case, by testimony

6

under oath, that the proposed third party defendants hold assets subject to their claim, and the proposed third parties should be given an opportunity to respond in writing before a hearing." Id. at 615.

Ehmann is no longer good law. It was overruled by the Florida Supreme Court in Exeletech, Inc. v. Williams, 597 So. 2d 275 (Fla. 1992). Similarly, Wieczoreck v. H&H Builders, Inc., 450 So. 2d 867 (Fla. 5th DCA 1984), the other case relied on by Mr. Shapiro, was superceded by statute as recognized in Standard Property Inv. Trust, Inc. v. Luskin, 585 So.2d 1099, 1101-02  (Fla. 4th DCA 1991).

In Exceletech, Inc. v. S.W. Williams, 597 So. 2d 275 (Fla. 1992), the Florida Supreme Court overruled Ehmann. In doing so, the Florida Supreme Court approved in full the opinion of the lower court:

> there is nothing in section 56.29 which requires a judgment **creditor** to be examined by the court. That section does not even address the subject of impleading third parties. It provides for the defendant in execution (i.e., the judgment **debtor**) to appear before the court to be examined concerning his property. There is no legal or logical basis for requiring that a judgment creditor be examined by the court as a condition precedent to allowing impleader of a third party defendant in proceedings supplementary.

Id. at 276 (citing Exceletech, Inc. v. Williams, 579 So. 2d 850, 852 (Fla. 5th DCA 1991)) (emphasis in original). Similarly in the instant case, the plaintiff is not required to establish a prima facie case at an evidentiary hearing before the third parties may be impled. There is no basis for requiring an evidentiary hearing to establish the plaintiff's prima facie case before the Court may issue a show cause order and then requiring a possible second evidentiary hearing if the third parties have not satisfactorily responded to the show cause order. Mr. Shapiro's request to repurpose the evidentiary hearing is denied.

7

**B.    Proceedings Supplementary**

Although the Court has been proceeding as if the third parties have been implead, e.g. holding a settlement conference, ordering discovery and setting an evidentiary hearing, the third parties may later argue that the Court's ruling at the evidentiary hearing is not binding because they were not formally implead. See Zureikat v. Shaibani, 944 So. 2d 1019, 1024 (Fla. 5th DCA 2006) (judgment debtor appealed imposition of equitable lien on his homestead property on the grounds that his wife had not been implead and made a party to the supplemental proceedings). In order to avoid an unnecessary appeal, the Court will formally address the plaintiff's request to commence the proceedings supplementary and implead the third parties.

The plaintiff has shown that he is entitled to proceedings supplementary through Plaintiff's Motion for Leave to Commence Proceeding Supplementary & Motion to Implead Third Parties to Said Proceeding (DE# 160, 4/3/07),  Plaintiff's Supplement to his Motion for Leave to Commence Proceeding Supplementary & Motion to Implead Third Parties to Said Proceedings (DE# 170, 4/1/08) and accompanying supplemental proceeding affidavits. Section 56.29(1), Florida Statues,[2] provides that:

> When any person or entity holds an unsatisfied judgment or judgment lien obtained under chapter 55, the judgment holder or judgment lienholder

---

[2] Florida Law governs the instant proceedings supplementary. Rule 69(a)(1) of the Federal Rules of Civil Procedure states, in part, that:

> [t]he procedure on execution--and in proceedings supplementary to and in aid of judgment or execution--must accord with the procedure of the state where the court is located . . . .

Fed. R. Civ. P. 69(a)(1).

> may file an affidavit so stating, identifying, if applicable, the issuing court, the case number, and the unsatisfied amount of the judgment or judgment lien, including accrued costs and interest, and stating that the execution is valid and outstanding, and thereupon the judgment holder or judgment lienholder is entitled to these proceedings supplementary to execution.

Fla. Stat. § 56.29(1).

In Continental Cigar Corp. v. Edelman & Co., Inc., 397 So. 2d 957 (Fla. 3d DCA 1981), the Third District Court of Appeal rejected earlier court decisions[3] requiring two jurisdictional prerequisites for post-judgment proceedings supplementary: (1) a returned and unsatisfied writ of execution and (2) an affidavit averring that the writ is valid and unsatisfied, along with a list of third persons to be impled. "It is quite clear that section 56.29 requires only the filing of an affidavit showing a valid unsatisfied writ of execution on any assets prior to instituting supplementary proceedings." Continental Cigar Corp., 397 So. 2d at 958; see also Bleidt v. Lobato, 664 So. 2d 1074, 1075 (Fla. 5th DCA 1995) (en banc) (receding from Wieczoreck and rejecting claim that the return of an unsatisfied writ of execution is a jurisdictional prerequisite to proceedings supplementary).

Plaintiff's Motion for Leave to Commence Proceeding Supplementary & Motion to Implead Third Parties to Said Proceeding (DE# 160, 4/3/07) and Plaintiff's Supplement to his Motion for Leave to Commence Proceeding Supplementary & Motion to Implead Third Parties to Said Proceedings (DE# 170, 4/1/08) contain supplemental proceeding affidavits attesting to the following:

> Under the penalty of perjury, I, James M. Loren as counsel for Plaintiff hereby declare that there is an outstanding judgment and the U.S.

---

[3] See e.g., Tomayko v Thomas, 143 So. 2d 227, 229-30 (Fla. 3d DCA 1962).

> Marshal[] holds an unsatisfied execution against the judgment debtor that is valid and as such the Plaintiff is entitled to proceedings supplementary in aid of execution.

Id. The plaintiff has alleged that the defendant fraudulently transferred assets to the third parties to avoid paying the judgment. Id. The Court finds that under Florida law the plaintiff is to entitled to proceedings supplementary. Accordingly, the plaintiff's request to commence proceedings supplementary is **GRANTED**.

**C.    Impleader**

The Court further finds that the third parties should be formally impled. In NTS Ft. Lauderdale Office Joint Venture v. Serchay, 710 So. 2d 1027 (Fla. 4th DCA 1998), the judgment creditor filed a motion for proceedings supplementary to execution and for impleader of certain third parties. "[The judgment creditor] submitted an affidavit that the judgment debtors transferred funds or assets to these entities with the intent to hinder [the judgment creditor's] ability to satisfy its judgment. [The judgment creditor] also filed an affidavit stating that the sheriff holds an unsatisfied writ of execution on its money judgment." Id. The trial court denied the motion. The judgment creditor appealed. The appellate court reversed the trial court, holding that "[c]ompliance with these statutory requirements [of 56.29] provides a predicate for impleading third parties." Id. at 1028 (citing Regent Bank v. Woodcox, 636 So. 2d 885 (Fla. 4th DCA 1994)). In Woodcox, the court held that:

> The predicate for impleading a third party under section 56.29 is that the judgment creditor file an affidavit showing that the sheriff holds an unsatisfied writ of execution on a money judgment and that the unsatisfied execution is valid and outstanding. The judgment creditor here filed such an affidavit. No other showing is necessary in order to implead the third party.

Id. at 886. As discussed supra, the plaintiff has filed two affidavits satisfying the requirements of section 56.29. See Plaintiff's Motion for Leave to Commence Proceeding Supplementary & Motion to Implead Third Parties to Said Proceeding (DE# 160, 4/3/07); Plaintiff's Supplement to his Motion for Leave to Commence Proceeding Supplementary & Motion to Implead Third Parties to Said Proceedings (DE# 170, 4/1/08).  Accordingly, K&S Foods, LLC, Akiva Shapiro, Moshe Koot, Avraham Koot and The New Kosher World Bakery, LLC are hereby **IMPLED**. By impleading the third party defendants, the Court does not imply any liability on the part of the third parties. See Serchay, 710 So. 2d at 1028 (noting that "an order allowing impleader of third parties under section 56.29 does no more than allow third parties to be sued and does not determine any substantive rights."). The Court will determine liability following the evidentiary hearing.

**D.     Show Cause Order**

As discussed above, the Court finds that there is no merit to the argument raised by Mr. Shapiro that the Court must hold an evidentiary hearing before granting the proceedings supplementary and issuing a show cause order against a third party. While the Court did not formally issue a show cause order at the May 8, 2008 hearing, the Court believes that it essentially did order the parties to show cause by setting the evidentiary hearing:

> The Court: Okay. At an evidentiary hearing I will determine whether or not you and the companies are liable or responsible for the debt that is owed to the plaintiff.
>
> Mr. Shapiro: Okay. So if I understand what you are saying, Your Honor, is that you are saying that you had issued the show cause order?

> The Court: Well, essentially, yes. I have said that the parties should be prepared to explain. There is a couple of issues.
>
> There is the res judicata issue that we will hear evidence regarding in that motion and also evidence regarding whether or not you are the alter ego of the defendant.

See Transcript of August 1, 2008 Hearing (DE# 246 at 19, 8/12/08). It was at Mr. Shapiro's behest that the Court issued the ore tenus show cause order:

> Mr. Shapiro: As I understand it, Your Honor, maybe I am mistaken on this, but procedurally there needs to be issued a show cause order.
>
> The Court: Okay. I am issuing the show cause order right now. You are to show cause why you should not be held liable. You and everybody else in this case, and now that's the show cause order.
>
> Mr. Shapiro: Thank you.

Id. at 21. For the reasons stated above, the Court does not believe that Mr. Shapiro is entitled to an evidentiary hearing before a show cause order may be issued. Nonetheless, to avoid an unfounded and unnecessary appeal, the Court will vacate its ore tenus show cause order. A written order to show cause is issued herein. On or before **Wednesday, September 3, 2008**, the third parties are hereby ordered to show cause why the assets now in their possession or control, allegedly transferred to them by the defendants, should not be declared fraudulently acquired, the transfers voided, and those assets levied upon to satisfy the plaintiff's judgment. The evidentiary hearing concerning the third parties' liability shall proceed as scheduled.

## CONCLUSION

The Court finds that the plaintiff has met the requirements of section 56.29, Florida Statutes, for commencing proceedings supplementary. The plaintiff has further

shown that he is entitled to implead the third parties. In order to avoid any unnecessary appeals, the Court will vacate the <u>ore</u> <u>tenus</u> show cause order and herein issue a written show cause order. The evidentiary hearing and all other hearings and deadlines shall proceed as scheduled. As the Court has informed the third parties on several occasions the purpose of the evidentiary hearing is to determine the liability of the third parties.

DONE AND ORDERED, in Chambers, in Miami, Florida, this **14th** day of August, 2008.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
U.S. District Judge Huck
All counsel of record

Copies mailed by Chambers to:

| Moshe Koot | Avraham Koot | Akiva Shapiro |
|---|---|---|
| 353 W. 47 Street, #7E | 17220 NE 11 Court | 3410 Royal Palm Ave. |
| Miami, Beach, FL 33140 | North Miami Beach, FL 33163 | Miami Beach, FL 33140 |
| | | Fax 786-269-2298 |