UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 05-23125-CIV-HUCK/O'SULLIVAN

ISTAN KOVACS
    Plaintiff,

v.

NATIONAL HEBREW GLATT,
INC., and HANA KOOT,
    Defendants.
_____/

## ORDER

**THIS MATTER** came before the Court on third party Abraham Koot's Motion to Dismiss for Double Jeopardy (DE# 235, 7/31/08). Having reviewed the applicable filings and law, it is

**ORDERED AND ADJUDGED** that Abraham Koot's Motion to Dismiss for Double Jeopardy (DE# 235, 7/31/08) is **DENIED**. There is no basis in law or fact for Mr. Koot's argument that the Fifth Amendment's Double Jeopardy Clause is grounds for dismissal of the instant civil proceedings. Additionally, Mr. Koot has not shown that Donald Kaplan is an indispensable party to these supplementary proceedings.

The plaintiff seeks sanctions against Mr. Koot for filing the instant motion pursuant to Fed. R. Civ. P. 11. Rule 11(b) states as follows:

> (b) Representations to the Court. By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
>     (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
>     (2) the claims, defenses, and other legal contentions are

> warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). The Court finds that at this time, sanctions are inappropriate. Mr. Koot is proceeding pro se and must be given more latitude than an attorney. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (pro se litigant is not expected to plead his case as artfully as an attorney). While the Court declines to impose sanctions at this time, the third parties are again admonished that repeated violations of the Local Rules or repeated filings which lack evidentiary support or are presented for an improper purpose may be cause for the imposition of sanctions, including monetary sanctions. The Court expects all parties before it, including pro se parties, to comply with Rule 11.

DONE AND ORDERED, in Chambers, in Miami, Florida, this **14th** day of August, 2008.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies provided to:

United States District Judge Huck
All counsel on record

Copies mailed by Chambers to:

| Moshe Koot | Avraham Koot | Akiva Shapiro |
|---|---|---|
| 353 W. 47 Street, #7E | 17220 NE 11 Court | 3410 Royal Palm Ave. |
| Miami, Beach, FL 33140 | North Miami Beach, FL 33163 | Miami Beach, FL 33140 |
| | | Fax 786-269-2298 |