UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 05-23125-CIV-HUCK/O'SULLIVAN

ISTVAN KOVACS,
    Plaintiff,
v.

NATIONAL HEBREW GLATT, INC., et al.,
    Defendants.
_____/

## ORDER

THIS CAUSE comes before the Court on Third-Party Shapiro's Verified Motion for Involuntary Dismissal for Failure to Establish a <u>Prima Facie</u> Case and Submitting a Sham Motion (DE# 234, 7/25/08) and Third-Party Shapiro's Motion to Dismiss for Failure to State a Claim (DE# 236, 7/31/08). Having carefully considered the filings and the applicable law, it is

ORDERED AND ADJUDGED that the Third-Party Shapiro's Verified Motion for Involuntary Dismissal for Failure to Establish a <u>Prima Facie</u> Case and Submitting a Sham Motion (DE# 234, 7/25/08) and Third-Party Shapiro's Motion to Dismiss for Failure to State a Claim (DE# 236, 7/31/08) are **DENIED** for the reasons set forth below.

## BACKGROUND

On May 17, 2006, the plaintiff obtained a final judgment in the amount of $64,685.60 against the defendants, National Hebrew Glatt, Inc. and Hana Koot. <u>See</u> Final Judgment (DE# 99, 5/18/08). On July 3, 2007, the Court awarded the plaintiff $99,939.30 in attorney's fees and costs. <u>See</u> Order Adopting Report and Recommendation (DE# 169, 7/5/07). To date, the judgment and attorney's fees and

costs remain unsatisfied.

The plaintiff sought to commence a proceedings supplementary against third parties: K&S Foods, LLC, Akiva Shapiro, Moshe Koot, Avraham Koot and The New Kosher World Bakery, LLC[1] to satisfy the outstanding judgment against the defendants. See Plaintiff's Motion for Leave to Commence Proceeding Supplementary & Motion to Implead Third Parties to Said Proceeding (DE# 160, 4/3/07); Plaintiff's Supplement to his Motion for Leave to Commence Proceeding Supplementary & Motion to Implead Third Parties to Said Proceedings (DE# 170, 4/1/08). After presiding over two status conferences on May 8, 2008 and August 1, 2008, the undersigned issued an Order permitting the plaintiff to commence proceedings supplementary and formally impleading the third parties. See Order (DE# 254, 8/14/08). An evidentiary hearing is set for November 12, 2008. See Order (DE# 237, 8/1/08).

On July 25, 2008, third-party Akiva Shapiro (hereinafter "Mr. Shapiro") filed Third-Party Shapiro's Verified Motion for Involuntary Dismissal for Failure to Establish a Prima Facie Case and Submitting a Sham Motion (DE# 234, 7/25/08). On August 6, 2008, the plaintiff filed his response. See Plaintiff's Response to Third-Party Shapiro's Motion for Involuntary Dismissal for Failure to Establish a Prima Facie Case and Submitting a Sham Motion (DE# 243, 8/6/08). Mr. Shapiro filed his reply on August 13, 2008. See Third-Party Shapiro's Reply to Plaintiff's Response to Third-Party Shapiro's Motion for Involuntary Dismissal for Failure to Establish a Prima Facie Case and

---

[1] On August 1, 2008, the Court granted Plaintiff's Motion for Leave to Amend to Include the Name "The New Kosher World Bakery, LLC" to the List of Impleaded Third Parties to the Proceeding (DE # 197, 6/20/08). See Order (DE# 237, 8/1/08).

Submitting a Sham Motion  (DE#248, 8/13/08).

On July 31, 2008, Mr. Shapiro filed Third-Party Shapiro's Motion to Dismiss for Failure to State a Claim (DE# 236, 7/31/08). The plaintiff filed his response on August 5, 2008. See Plaintiff's Response to Third-Party Shapiro's Motion to Dismiss for Failure to State a Claim (DE# 241, 8/5/08). Mr. Shapiro filed his reply on August 13, 2008. See Third-party Shapiro's Reply to Plaintiff's Response to Third-Party Shapiro's Motion to Dismiss for Failure to State a Claim (DE# 250, 8/13/08).

## ANALYSIS

**I.    Third-Party Shapiro's Verified Motion for Involuntary Dismissal for Failure to Establish a Prima Facie Case and Submitting a Sham Motion**

Mr. Shapiro seeks to dismiss the proceedings supplementary based on what he perceives to be "a sham motion to proceed supplementary and implead, filled with misstatements, statements out of context, and untruths in a fraudulent attempt to setup a prima facie case against the third parties in this action." See Third-Party Shapiro's Verified Motion for Involuntary Dismissal for Failure to Establish a Prima Facie Case and Submitting a Sham Motion (DE# 234 at 1, 7/25/08). Assuming that Fed. R. Civ. P. 12(b)(6) applies to the instant proceedings, a motion to dismiss is improper because Mr. Shapiro's arguments require the Court to make credibility findings and impermissibly weigh the evidence. In deciding a motion to dismiss, the Court's analysis is limited to the four corners of the plaintiff's complaint[2] and the attached exhibits. Grossman v.

---

[2] In the instant case, the plaintiff has filed a motion to commence proceedings supplementary against various third parties. See Plaintiff's Motion for Leave to Commence Proceeding Supplementary & Motion to Implead Third Parties to Said Proceeding (DE# 160, 4/3/07); Plaintiff's Supplement to his Motion for Leave to Commence Proceeding Supplementary & Motion to Implead Third Parties to Said

Nationsbank, 225 F.3d 1228, 1231 (11th Cir. 2000). The Court must also accept the plaintiff's well pled facts as true and construe the complaint in the light most favorable to the plaintiff. Caravello v. American Airlines, Inc., 315 F. Supp. 2d 1346, 1348 (S.D. Fla. 2004) (citing United States v. Pemco Aeroplex, Inc., 195 F.3d 1234, 1236 (11th Cir. 1999)(en banc)). To survive a motion to dismiss, the four corners of the complaint must contain factual allegations which are "enough to raise a right to relieve above speculative level." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007).  The issue to be decided by the Court is not whether the plaintiff will ultimately prevail, but "whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scheuer, 468 U.S. 183 (1984).

Third-Party Shapiro's Verified Motion for Involuntary Dismissal for Failure to Establish a Prima Facie Case and Submitting a Sham Motion (DE# 234, 7/25/08) is premised on factual issues which are not part of the facts alleged by the plaintiff. Here, Mr. Shaprio argues or disputes issues that will be determined at the evidentiary hearing. While Mr. Shapiro is entitled to raise these issues at the evidentiary hearing, a motion to dismiss is not the proper vehicle for disposing of the plaintiff's allegations.  The Court has already determined that the plaintiff is entitled to commence proceedings supplementary:

> The plaintiff has shown that he is entitled to proceedings supplementary through Plaintiff's Motion for Leave to Commence Proceeding

---

Proceedings (DE# 170, 4/1/08). On August 14, 2008, the undersigned granted the plaintiff's motion. See Order (DE# 254, 8/14/08). In the instant motions, Mr. Shaprio seeks to dismiss these proceedings.

> Supplementary & Motion to Implead Third Parties to Said Proceeding (DE# 160, 4/3/07), Plaintiff's Supplement to his Motion for Leave to Commence Proceeding Supplementary & Motion to Implead Third Parties to Said Proceedings proceeding affidavits.

See Order (DE# 254 at 8, 8/14/08). The Court has impled the third parties Id. at 10. Mr. Shaprio and the other third parties can attack the merits of the plaintiff's claim at the November 12, 2008 evidentiary hearing.

## II.     Third-Party Shapiro's Motion to Dismiss for Failure to State a Claim

In his Third-Party Shapiro's Motion to Dismiss for Failure to State a Claim (DE# 236, 7/31/08), Mr. Shapiro argues that the Court should dismiss these proceedings supplementary on the following grounds:

1. Since the third parties did not participate in a transfer from the defendant in execution there is no foundation for a fraudulent transfer under section 56.29.

2. After an assignment under section 727, Florida Statutes, is commenced, all claims against the debtor in execution are automatically stayed.

3. Section 727.105 provides that no execution with respect to any judgment may be had against the assets of the assignment estate, therefore, the relief sought by the plaintiff cannot be granted.

Id. at 1-2. The Court will address each argument.

### 1.     Basis for a Fraudulent Transfer under 56.29

Mr. Shapiro's first argument is based on section 56.29(6)(a), Florida Statutes. Mr. Shapiro argues that section 56.29(6)(a), "seems to form the basis for impleading third parties." Id. at 3. Section 56.29(6)(a) applies to the defendants in the case (National Hebrew Glatt, Inc. and Hana Koot) and not the third parties. It reads as

follows:

> When, within 1 year before the service of process on him or her, defendant has had title to, or paid the purchase price of, any personal property to which the defendant's spouse, any relative, or any person on confidential terms with defendant claims title and right of possession at the time of examination, the defendant has the burden of proof to establish that such transfer or gift from him or her was not made to delay, hinder, or defraud creditors.

Fla. Stat. § 56.29(6)(a). The situation alleged here, where the judgment debtor, in this case the defendants, transfers assets to a third party in order to "delay, hinder or defraud creditors" is covered under section 56.29(6)(b), which states:

> When any gift, transfer, assignment or other conveyance of personal property has been made or contrived by defendant to delay, hinder or defraud creditors, the court shall order the gift, transfer, assignment or other conveyance to be void and direct the sheriff to take the property to satisfy the execution. This does not authorize seizure of property exempted from levy and sale under execution or property which has passed to a bona fide purchaser for value and without notice. Any person aggrieved by the levy may proceed under ss. 56.16-56.20.

Fla. Stat. § 56.29(6)(b). As such, the Court finds no merit in Mr. Shapiro's argument that there is no foundation for a fraudulent transfer under section 56.29 because the property transfer was from the assignee and not the defendant in execution. Whether the transfer was made or contrived by the defendants to delay, hinder or defraud creditors will be determined at the November 12, 2008 evidentiary hearing.

### 2. Automatic Stay for Claims Against the Debtor in execution

Mr. Shapiro argues that an automatic stay applies to the instant proceedings supplementary. Mr. Shapiro reasons that:

> [s]ince the power of the § 727 Assignee is like the power of the § 544 trustee, namely to collect credits and discharge debts and liabilities in a uniform fashion, we can infer that if § 56.29 proceedings are automatically stayed by § 544 proceedings, likewise § 56.29 proceedings are

>   automatically stayed by a § 727 assignment proceedings. In both cases, then, renegade litigation for individual creditor gain is prohibited.

Third-Party Shapiro's Motion to Dismiss for Failure to State a Claim (DE# 236 at 6, 7/31/08). The Court does not find any merit in Mr. Shapiro's argument that an automatic stay on behalf of the third parties applies to the claims in the instant case.

### 3. Section 727.105 Does Not Preclude Proceedings Supplementary Against Third Parties

Mr. Shapiro's third argument is based on section 727.105, Florida Statutes. According to Mr. Shapiro, section 727.105, Florida Statutes, provides that no execution with respect to any judgment may be had against the assets of the assignment estate, therefore, the relief sought by the plaintiff cannot be granted. Section 727.105 states as follows:

>   Proceedings may not be commenced against the assignee except as provided in this chapter, but nothing contained in this chapter affects any action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power. Except in the case of a consensual lienholder enforcing its rights in personal property or real property collateral, there shall be no levy, execution, attachment, or the like in respect of any judgment against assets of the estate in the possession, custody, or control of the assignee.

Fla. Stat. § 727.105.  Chapter 727 governs assignments for the benefit of creditors. "An assignment for the benefit of creditors is an alternative to bankruptcy and allows a debtor to voluntarily assign its assets to a third party in order to liquidate the assets to fully or partially satisfy creditors' claims against the debtor." Hillsborough County v. Lanier, 898 So.2d 141, 143 (Fla. 2d DCA 2005).  The intent and purpose of the law is "to provide a uniform procedure for the administration of insolvent estates, and to ensure full reporting to creditors and equal distribution of assets according to priorities

as established under this chapter." Fla. Stat. § 727.101. Section 727.103(2) defines an "assignee" as "a natural person solely in such person's capacity as an assignee for the benefit of creditors under the provisions of this chapter, which assignee shall not be a creditor or an equity security holder or have any interest adverse to the interest of the estate." Fla. Stat. § 727.103(2). In the instant case, Mr. Shapiro is not the assignee. See § 727.108(1), (4)-(5) (Noting that the assignee for the benefit of creditors has the power to conduct the debtor's business, marshal and liquidate its assets, and receive its claims). As the plaintiff notes, the assignee in the instant case was Donald Kaplan, not the third parties. See Plaintiff's Response to Third-Party Shapiro's Motion to Dismiss for Failure to State a Claim (DE# 241 at 4, 8/5/08).

## CONCLUSION

In accordance with the foregoing, it is

ORDERED AND ADJUDGED that Third-Party Shapiro's Verified Motion for Involuntary Dismissal for Failure to Establish a Prima Facie Case and Submitting a Sham Motion (DE# 234, 7/25/08) and Third-Party Shapiro's Motion to Dismiss for Failure to State a Claim (DE# 236, 7/31/08) be **DENIED**. Counsel for Mr. Shapiro may raise any substantive arguments at the November 12, 2008 evidentiary hearing.

DONE AND ORDERED in Chambers at Miami, Florida this **17th** day of October, 2008.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

U.S. District Judge Huck
All counsel of record

Copies mailed by Chambers to:

Moshe Koot                  Avraham Koot
353 W. 47 Street, #7E       17220 NE 11 Court
Miami, Beach, FL 33140      North Miami Beach, FL 33163